WOOD *v.* HUMMEL.

4-9242                                        232 S. W. 2d 454

Opinion delivered July 3, 1950.

Rehearing denied October 2, 1950.

*David L. Ford,* for appellant.

*Floyd E. Barham,* for appellee.

LEFLAR, J. The plaintiff Hummel Plumbing Company (hereinafter called Hummel) was awarded judgment in the Chancery Court against defendant Wood for $581.79, the amount of a bill owed Hummel for installing a 3-inch water line and a 2-inch gas line into Wood's commercial laundry. At the same time Hummel was

allowed a statutory lien (Ark. Stats., §§ 51-601, 51-604) on Wood's leasehold interest in the laundry premises to secure payment of the judgment. Wood appeals, asserting that Hummel's work was not done for Wood, but rather for Wood's landlord, one O'Shea, or possibly for a general contracting firm, Schriver and Son (hereinafter called Schriver) which had previously built the laundry for O'Shea. It is agreed that the only question presented by the appeal is whether the fact findings are contrary to a preponderance of the evidence.

When O'Shea contracted with Schriver for the latter to construct the laundry building, O'Shea already had an agreement with Wood that Wood was to lease and operate the laundry after it was built, and it was understood that the building should be constructed specially for that purpose. Wood visited the site frequently during the construction period and had opportunity to observe the work as it progressed. The O'Shea-Schriver contract was a written one, with fairly detailed specifications attached to it. Hummel was sub-contractor for the plumbing work, and there is no suggestion of non-compliance on Hummel's part with the terms of this sub-contract. It was completed and Hummel was paid for the work done under it before the present controversy arose.

When the construction job was nearly finished, Wood discovered that the water and gas lines installed were apparently insufficient for commercial laundry purposes, and he requested Hummel to install an additional 3-inch water line and 2-inch gas line. Hummel installed them, but no one paid for the extra work, and Hummel brought the present suit against both Wood and O'Shea for the amount of his bill. Wood and O'Shea answered denying liability, and also brought in Schriver as a party defendant on the theory that Schriver was liable for Hummel's extra work as a part of what was to have been done under the original O'Shea-Schriver contract.

Most of the testimony at the trial was to the effect that negotiations for the extra work were altogether between Hummel and Wood. No testimony indicated af-

firmatively that either O'Shea or Schriver gave Hummel any orders in regard to it. O'Shea denied having authorized the extra work, and testimony was given on Schriver's behalf that the construction job had been previously completed in full compliance with the original contract and specifications. There was testimony that Schriver, after Hummel commenced the extra work, told Hummel explicitly that he (Schriver) would not pay for it, and that Hummel then stopped work temporarily, but resumed it after getting in touch with Wood. One witness testified that Wood discussed with Hummel the time to be allowed Wood for paying the bill if he could not get anyone else to pay it.

As already stated, the Chancellor found for Hummel against Wood. He further found that O'Shea was not liable to Hummel, from which finding Hummel does not appeal; also that Wood was not entitled to recover over from Shriver. Wood's appeal presents to us only the question whether the evidence supports the decree. In view of the testimony summarized above, we are unable to say that the Chancellor's findings were contrary to the preponderance of the evidence. The decree of the Chancery Court is affirmed.